IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRIAN HENRY KINCADE, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:23-CV-708-O |
| | § | (NO. 4:20-CR-290-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Brian Henry Kincade under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I.      BACKGROUND

The record in the underlying criminal case reflects the following:

On November 12, 2020, Movant was named in a sixteen-count superseding indictment charging him in count one with conspiracy to dispense and distribute and/or dispense and distribute a mixture or substance containing a detectable amount of hydrocodone, in violation of 21 U.S.C. § 846, in count three with possession with intent to dispense and distribute and/or possess with intent to distribute a mixture and substance containing a detectable amount of hydrocodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2, in count four with conspiracy to dispense and distribute and/or dispense and distribute a mixture or substance containing a detectable amount of carisoprodol, in violation of 21 U.S.C. § 846, and in count five with possession with intent to dispense and distribute and/or dispense and distribute a mixture and

substance containing a detectable amount of carisoprodol, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(E) and 18 U.S.C. § 2. CR ECF No.[1] 338. On December 16, 2020, Movant was named in a twenty-four count second superseding indictment charging him in count one with conspiracy to dispense and distribute and possess with intent to dispense and distribute a mixture or substance containing a detectable amount of hydrocodone, in violation of 21 U.S.C. § 846, in count two with conspiracy to dispense and distribute and possess with intent to dispense and distribute a mixture or substance containing a detectable amount of carisoprodol, in violation of 21 U.S.C. § 846, in count three with conspiracy to dispense and distribute and possess with intent to dispense and distribute a mixture or substance containing a detectable amount of promethazine with codeine, in violation of 21 U.S.C. § 846, in count twenty with possession with intent to distribute and dispense a mixture and substance containing a detectable amount of hydrocodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), (E)(2), and 18 U.S.C. § 2, and in count twenty-one with possession with intent to distribute and dispense a mixture and substance containing a detectable amount of carisoprodol, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), (E)(2), and 18 U.S.C. § 2. CR ECF No. 612. Movant was tried by a jury and found guilty on all counts. CR ECF No. 1040.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 30. CR ECF No. 1456, ¶ 73. He received a three-level enhancement for role in the offense, *id.* ¶ 76, and a two-level enhancement for obstruction of justice. *Id.* ¶ 77. Based on a total offense level of 35 and a criminal history category of III, his guideline imprisonment range was 210 to 262 months. *Id.* ¶ 126. The probation officer filed an

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:20-CR-708-O.

addendum to the PSR. CR ECF No. 1600. Movant filed a sentencing memorandum requesting a downward departure or variance. CR ECF No. 1636.

The Court sentenced Movant to terms of imprisonment of 200 months as to counts one and twenty and to terms of imprisonment of 60 months as to counts two, three, and twenty-one, all to run concurrently. CR ECF No. 1748. Movant appealed. CR ECF No. 1760. The United States Court of Appeals for the Fifth Circuit affirmed. *United States v. Kincade*, No. 21-10623, 2022 WL 1024240 (5th Cir. Apr. 6, 2022).

## II.   GROUNDS OF THE MOTION

Movant raises six grounds in support of his motion, all premised on the contention that he received ineffective assistance of counsel. He alleges that counsel was ineffective in failing to: (1) prepare Movant and his witnesses for trial; (2) review discovery; (3) keep a scheduled appointment with the government to debrief Movant; (4) review or disclose the conditions of any plea agreement; (5) object to the PSR's inclusion of additional persons recruited by Movant and calculation of drug quantity; and (6) file a petition for writ of certiorari. ECF No.[2] 1. In his memorandum in support of the motion, Movant purports to add a seventh ground, that counsel failed to move for acquittal based on sufficiency of the evidence. ECF No. 5 at 21.[3] He also adds new subparts to his fifth ground. *Id.* at 17–20. The Court did not grant leave to amend the motion to add new grounds. ECF No. 4. The new grounds are untimely[4] and would not relate back as they are supported by facts that differ in both time and type from those the original motion set forth.

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil case.

[3] The page number references to the memorandum are to "Page __ of 80" reflected at the top right portion of the document on the Court's electronic filing system.

[4] Movant's judgment became final when the time for filing a petition for writ of habeas corpus expired on July 5, 2023. *Clay v. United States*, 537 U.S. 522, 527 (2003). The new grounds were not raised until August 31, 2023. ECF No. 5 at 24.

3

*Mayle v. Felix*, 545 U.S. 644, 650 (2005). Nevertheless, the government has addressed these arguments on the merits, ECF No. 14, and the Court will consider them.

Along with his reply, Movant submitted the Affidavit of Terrence Allison as "supplemental" support for his motion. ECF No. 16. The Court is not considering the affidavit,[5] which is untimely as it was filed after the government filed its response and without leave of court. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998). The affidavit reflects that Movant did not request that it be prepared until February 10, 2024, long after the time for filing his motion under Section 2255 had expired. ECF No. 16 at 4.[6] And, in any event, the affidavit consists entirely of hearsay and does not constitute independent indicia of the likely merit of Movant's claims. *Cervantes*, 132 F.3d at 1110. *See United States v. Franks*, 397 F. App'x 95, 101 (5th Cir. 2010) (affiant not an eyewitness to events in question); *United States v. Merrill*, 340 F. App'x 976, 978 (5th Cir. 2009) (affidavit containing conclusional allegations is insufficient).

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review

---

[5] Neither is the Court considering the government's sur-reply, including the affidavit of Movant's counsel, ECF No. 20, which the Court allowed to be filed in an abundance of caution. ECF No. 17.

[6] The page reference is to "Page 4 of 7" reflected at the top right portion of the document on the Court's electronic filing system.

without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.   Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v.*

*Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

In his first ground, Movant alleges that counsel failed to prepare him and his witnesses for trial. ECF No. 1 at 4.[7] His primary complaint appears to be with the timing of counsel's trial preparation, ECF No. 5 at 6, but he fails to provide specific facts to support the allegation that counsel's preparation fell below an objective standard of reasonableness. At best, Movant simply alleges that had counsel better prepared the witnesses, they would have done a better job. He fails to show any impact of the alleged lack of preparation on the outcome of the case. His conclusory allegations are insufficient. *Miller*, 200 F.3d at 282.

To the extent Movant complains about the failure to call witnesses, the allegations are again conclusory. Complaints of uncalled witnesses are not favored "because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). To prevail on a claim about uncalled witnesses, the movant "must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show

---

[7] The page references to the motion are to "Page __ of 17" reflected at the top right portion of the document on the Court's electronic filing system and are used because the typewritten page numbers on the form motion are not the actual page numbers of the document and because Movant has added additional pages.

that the testimony would have been favorable." *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). Movant has not done so.[8]

The record reflects that Movant and his witnesses committed perjury at trial. *See* CR ECF No. 1456, ¶ 77; CR ECF No. 1851 at 3–5 (summarizing the false testimony). Movant does not contend that they lied because they were not prepared to testify.[9] Rather, he appears to contend that had defense witnesses understood the purpose of the government's questions, they would have answered those questions so as not to harm Movant, *i.e.*, they would have lied. ECF No. 15 at 6. The job of counsel is not to get his client acquitted at all costs. *See, e.g.*, *Nix v. Whiteside*, 475 U.S. 157, 174–75 (1986) (counsel's refusal to present perjured testimony breached no professional duty). Rather, the purpose of counsel is to assure the proper functioning of the judicial process so that that the trial can be relied on as having produced a just result. *Cullen,* 563 U.S. at 189; *Strickland*, 466 U.S. at 686. The jury here reached a just result.

In his second ground, Movant alleges that counsel failed to review discovery and failed to investigate evidence. ECF No. 1 at 5; ECF No. 5 at 7–11. Once more, the allegations are wholly conclusory and fail to support a basis for relief. *Miller*, 200 F.3d at 282. Although Movant tries to show what an investigation might have revealed,[10] he has not shown how any investigation or different review of discovery would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

---

[8] This applies in each instance where Movant complains that counsel failed to call witnesses. *E.g.*, ECF No. 5 at 10–11.

[9] Indeed, such an argument would be absurd. Movant's lies at trial were blatant.

[10] For example, Movant makes much of the question of proof of whether he was driving his own vehicle on the days it was captured on camera at the clinic, ECF No. 15 at 4, overlooking government photographs showing him at the clinic. CR ECF No. 155–67 & Exs. 52 & 52A. Movant admits he was at the clinic. ECF No. 5 at 57.

In his third ground, Movant alleges that counsel cancelled a scheduled meeting to debrief the government. ECF No. 1 at 7; ECF No. 5 at 11–12. The argument (as opposed to supporting facts of which there appear to be none) that a meeting with the government could have resulted in Movant's obtaining a two-level reduction under the safety valve and opposition to sentencing enhancements is wholly fanciful. Movant's own evidence reflects that counsel told him that there was no need to meet with the government because it would not change Movant's position of demanding a trial. ECF No. 5 at 35. And, Movant himself recognized that he had no independent information that would be beneficial. *Id.* at 45.

In his fourth ground, Movant contends that counsel was ineffective in failing to "review or disclose the conditions of any plea agreement purportedly offered by the government." ECF No. 1 at 8. The memorandum additionally complains of the failure to negotiate a plea. ECF No. 5 at 12–14. Movant relies solely on what appear to be partial screen shots of texts between him (or perhaps his wife) and counsel.[11] *Id.* at 26–78. He has no evidence that a particular plea was ever offered, but the texts as a whole reflect that Movant would not have accepted a plea. *See, e.g.*, ECF No. 5 at 35 (Movant's position was to demand trial); *id.* at 45 (Movant recognized he had lost acceptance of responsibility for not agreeing to plead guilty). And, from Movant's adamant declarations of innocence, there is no reason to believe that any plea would have been acceptable. *See, e.g.*, *Id.* at 51 (Movant had no part in the conspiracy and could not afford to serve any time); *id.* at 54 (government asking if Movant was "now" ready to plea after first trial in which others were convicted); *id.* at 55–56 (Movant again reiterating that he would not plead to conspiracy

---

[11] Ironically, one of the pages appears to reflect texts from counsel to Movant's wife telling her that the "argument about 'we would have plead if we knew this or that is total BS," and that he understood "it must be devastating," but he did not "think [Movant] is being honest about this." ECF No. 5 at 63.

charge). Movant has not shown that counsel was in any way ineffective in this regard. *See Teague v. Scott*, 60 F.3d 1167, 1170–71 (5th Cir. 1995) (failure to inform defendant of a plea offer could amount to ineffective assistance but not where record showed defendant knew of offer and rejected it).

In his fifth ground, Movant alleges that counsel was ineffective in failing to challenge the PSR's inclusion of several additional persons alleged to have been recruited by Movant as well as the attributed drug quantity foreseeable to him. ECF No. 1 at 14; ECF No. 5 at 14–17. In his memorandum, he additionally alleges that counsel was ineffective in failing to object to the two-level adjustment for obstruction of justice and in failing to object to the calculation of his criminal history category. ECF No. 5 at 17–19. And, he alleges that he was "severely prejudiced" by cumulative errors. *Id.* at 19–20.

Movant's first argument is based on nothing more than his unsupported contention that the government had to prove beyond a reasonable doubt who the nine recruits were and that Movant actually managed or supervised them. Instead, a court may adopt facts contained in the PSR without inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence. *United States v. Kearby*, 943 F.3d 969, 974 (5th Cir. 2019). A court can even rely on uncorroborated hearsay if it is sufficiently reliable and the defendant does not show that the statements are implausible. *Id.* at 974–75. Simply objecting is not enough. *United States v. Dinh*, 920 F.3d 307, 314 (5th Cir. 2019). The PSR reliably reflects how it was determined that Movant was a manager or supervisor of nine recruits. CR ECF No. 1456, ¶¶ 36–51. [12] Any objection would have been meritless.

---

[12] The probation officer noted that Movant's true offense conduct was likely underrepresented. CR ECF No. 1456, ¶ 51.

Movant's second argument appears to be based on a misapprehension as to how converted drug weight is determined. He seems to believe it is based on the number of his recruits. ECF No. 5 at 16–17. The PSR reflects that Movant was held accountable for prescriptions written for his recruits. CR ECF No. 1456, ¶¶ 50–53. He has not shown that any objection would have been meritorious, much less that it would have changed the outcome.

As for the argument that counsel should have objected to the two-level adjustment for obstruction of justice, the record supports the probation officer's assessment. CR ECF No. 1456, ¶¶ 55–66, 77. Counsel did not provide ineffective assistance in failing to raise a frivolous objection. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

Movant alleges that counsel was ineffective in failing to object to three points added to his criminal history for an April 14, 1994 conviction for possession of a controlled substance. ECF No. 5 at 18. As the government notes, the "commencement of the instant offense" fell within the fifteen-year period described by USSG § 4A1.1 cmt. n.1. ECF No. 14 at 19. Recognizing that the pill mill had operated from approximately 2011, Movant argued in his motion for downward departure or variance that his criminal history was very minor. CR ECF No. 1636 at 5. At sentencing, counsel chose to focus on Movant's medical condition, CR ECF No. 1851 at 5–7, although again noting his "somewhat remote and comparably minor offenses." *Id.* at 6. Despite Movant's perjury at trial, the Court imposed a sentence reflecting a downward variance. CR ECF No. 1749.

Finally, Movant alleges that cumulative errors severely prejudiced him.[13] ECF No. 5 at 19–20. As discussed, there were no errors in the calculation of Movant's guideline range, so there

---

[13] Under this heading, he says that counsel should have "petitioned for a mitigating role adjustment of a 4-level reduction." ECF No. 5 at 20. That contention is wholly unsupported and frivolous.

is no error to cumulate. *See Valdez-Villalobos v. United States*, No. 3:20-CV-3476-D-BH, 2023 WL 9327355, at * 13 (N.D. Tex. Oct. 3, 2023) (where movant fails to establish ineffective assistance under *Strickland* he is not entitled to relief based on cumulative error), *adopted*, 2024 WL 234186 (N.D. Tex. Jan. 22, 2024).

In his sixth ground, Movant alleges that counsel was ineffective for failing to file a petition for writ of certiorari. ECF No. 1 at 14; ECF No. 5 at 20–21. The papers he has attached to his memorandum clearly reflect that counsel informed Movant that, in order to proceed with the filing of a petition for certiorari, counsel must have written authorization from Movant himself to file such a petition. ECF No. 5 at 7, 5. "[T]he sooner you can write back to me with authorization to file it on your behalf, the sooner I can begin working on the filings." *Id.* Movant does not contend that he ever gave such written notice. Unlike the cases upon which Movant relies, this is not a case where counsel failed to advise a defendant of his right to file a petition for writ of certiorari or failed to file one after promising to do so. *See Lacaze v. United States*, 457 F.2d 1075, 1078–79 (5th Cir. 1972) (mandate recalled to allow timely filing where counsel failed to notify defendant of right to file petition for certiorari); *Ordonez v. United States*, 588 F.2d 448, 449 (5th Cir. 1979) (mandate recalled to allow timely certiorari petition when counsel failed to file after promising to do so); *Savage v. United States*, 483 F.2d 67 (5th Cir. 1973) (same).

In his seventh ground, Movant alleges that he received ineffective assistance because counsel failed to move for acquittal based on sufficiency of the evidence. ECF No. 5 at 21–24. He also argues that counsel should have challenged the indictment as being defective. *Id.* at 24. He has not shown that the indictment was defective. Counsel did file a motion to dismiss counts twenty and twenty-one as duplicitous and alternatively requested a bill of particulars identifying the

"others" that had aided and abetted Movant. CR ECF No. 697. Counsel challenged the denial of the motion on appeal and did not prevail. *Kincade*, 2022 WL 1024240. Further, to establish prejudice based on failure to file a motion for judgment of acquittal, a defendant must show a "reasonable probability that had counsel moved for a judgment of acquittal, the motion would have been granted on the basis of insufficiency of evidence." *United States v. Rosalez-Orozco*, 8 F.3d 198, 199–200 (5th Cir. 1993). A movant cannot prevail where, as here, "there was possibly sufficient evidence of guilt to support the verdict and no reason to believe that such a motion would be granted." *Burston v. Caldwell*, 506 F.2d 24, 28 (5th Cir. 1975). The government was entitled to prove its conspiracy case by circumstantial evidence, *United States v. Dean*, 59 F.3d 1479, 1485 (5th Cir. 1995), which it did.

## V.     CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **18th day** of **June, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**